IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Criminal Action No. 5:12CR11
                                        (STAMP)
PAUL JASON BILLETER,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART, DENYING IN PART,
AND DEFERRING IN PART THE
UNITED STATES' MOTION IN LIMINE
AND DIRECTING DEFENDANT TO FILE
AMENDED WITNESS AND EXHIBIT LIST**

I.   Background

The defendant in the above-styled criminal action has been indicted by a federal grand jury in this district on one count of being a felon in possession of ammunition at his residence of 65 Cindy Drive in New Martinsville, West Virginia between the dates of November 23, 2011 and December 1, 2011, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant contests the allegation that he constructively or actually possessed the ammunition as charged in the indictment. In support of this, the defendant seeks to offer testimony at trial from multiple friends and family members asserting that the "defendant never had a gun and that [he/she] never saw Defendant with a gun."

The defendant also contends that the ammunition was planted at his home by his wife in an attempt to deprive him of custody of his children. As an offer of support for this theory, the defendant

also seeks to offer witness testimony about his relationship with his wife and her alleged propensity "to manipulate the system to achieve her goals[,]" as well as evidence in the form of exhibits of numerous domestic violence protective order ("DVPO") dismissals, and Child Protective Services records both in order to bolster the credibility of the defendant's theory and to undermine the defendant's wife's testimony, which she will offer when called by the United States.

On June 28, 2012, the United States filed a motion in limine seeking to exclude the witness testimony regarding defendant's possession of a firearm from evidence in the trial in this matter, pursuant to Federal Rules of Evidence 401 and 403. The United States contends that any testimony that these witnesses would give would be irrelevant and thus inadmissible under Federal Rules of Evidence 401 and 402 because none of the witnesses could testify as to whether the defendant could have been hiding firearms in his home.

Further, the United States contends that testimony asserting that the defendant did not possess a firearm could not lead to a logical conclusion that the defendant did not possess ammunition, as the indictment does not charge the defendant with possession of a firearm. As such, the United States claims, this testimony would be confusing and misleading to the jury and should be excluded pursuant to Federal Rule of Evidence 403. After reviewing the motion, this Court directed the parties to appear for a hearing on the admissibility of the challenged testimony, which hearing was

held on July 2, 2012. At that hearing, this Court heard testimony regarding the United States' motion in limine, and also heard testimony regarding related Federal Rule of Evidence 608 objections by the United States to the introduction of testimony and exhibits regarding the defendant's relationship with his wife. The Court directed the parties to further brief these issues, which the parties have now done. The defendant has also filed a second amended witness list. The motion in limine, along with the United States' supplemental objections, have now been fully briefed and are ripe for disposition by this Court. For the reasons that follow, this Court grants in part, denies in part, and defers in part, the motion in limine and supplemental objections.

## II. Applicable Law

Federal Rule of Evidence 401 defines relevant evidence as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." This relevancy standard is highly inclusive, and does not require the offered evidence to significantly affect the probability of a consequential fact, it only must affect it; however slightly. See United States v. Mora, 81 F.3d 781, 783 (8th Cir. 1996). All relevant evidence is admissible, pursuant to Federal Rule of Evidence 402, with the exception of that which "excluded by federal law." Federal Rule of Evidence 403 directs the court to exclude relevant evidence if the probative value of that evidence is

"substantially outweighed by the danger of . . . confusing the issues, or misleading the jury." (emphasis added)

The relevancy of evidence and the determination of whether the probative value of that evidence is substantially outweighed pursuant to Federal Rule of Evidence 403 are decisions widely held to be firmly within the discretion of the trial court. United States v. Myers, 280 F.3d 407 (4th Cir.), cert. denied, 537 U.S. 852 (2011). District courts are given great deference with regard to determinations of admissibility of evidence under Federal Rules of Evidence 401, 402 and 403, and will only be overturned on appeal under the most exceptional circumstances. Id. at 413-14.

Federal Rule of Evidence 608(a) allows the admission of evidence which attacks or supports "[a] witness's credibility . . . by testimony for truthfulness, or by testimony in the form of an opinion about that character." However, Federal Rule of Evidence 608(b) limits this admissible evidence and provides that, "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Still, a court may allow specific instances to be inquired into on cross-examination "if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."

III. <u>Discussion</u>

A. <u>Testimony Regarding Defendant's Possession of a Firearm</u>

The focus of the United States' originally filed motion in limine is the testimony which the defendant proposes to offer from friends and family members regarding the defendant's possession or non-possession of a firearm. The United States argues that the defendant is not indicted for possession of a firearm, so the testimony is irrelevant, and none of the proposed witnesses lived with the defendant, so none could testify as to whether he possessed firearms hidden at the home. Accordingly, the United States contends, this testimony would both be not relevant pursuant to Federal Rule of Evidence 401 and would be overly confusing to the jury pursuant to Federal Rule of Evidence 403. This Court finds this testimony to be inadmissible pursuant to Rule 403.

The defendant here is charged with illegally possessing <u>ammunition</u>, not illegally possessing a firearm. While one can possibly infer a connection between possession of a firearm and possession of ammunition, and thus could conclude that the evidence passes the permissive relevancy test of Rule 401, this connection is too slight. Further, due to the close relationship between firearms and ammunition, the inference is open to resulting in inappropriate and unreasonable conclusions. For example, this evidence is highly vulnerable to resulting in such conclusions as, not having a gun necessarily means that the defendant did not possess ammunition, or even that non-possession of a firearm disproves the United States' case regarding ammunition. <u>See</u> Wright

5

& Graham, Federal Practice & Procedure: Evidence § 5216 (Of specific concern as to admissibility under Rule 403 is when courts can point to "inferences [which] tend to suggest an illegitimate basis of decision, <u>particularly one that is so similar to the true rule of the case that the jurors may have difficulty in discriminating between them</u>.") (emphasis added).

Accordingly, introducing testimony as to the defendant's possible possession or non-possession of a firearm would likely serve primarily to confuse the jury or cause jurors to be misled as to the issues relating to this case. As a result, this Court finds that the limited probative value of this testimony is substantially outweighed by the significant risk of confusion and that the jury will be misled by such testimony. Accordingly, this evidence must be excluded pursuant to Federal Rule of Evidence 403.

However, following the motion hearing regarding the United States' motion in limine, the defendant filed a second amended witness list which clarified that the witnesses would also testify that they did not see the defendant with ammunition. The United States continues to object to this evidence as irrelevant if the witnesses could not speak to the relevant time period, and as confusing because none of the witnesses lived with the defendant and could not speak to the defendant's possible possession at different times and places. Initially, this Court notes that the probative value of testimony regarding third parties' knowledge of the defendant's possession or non-possession of ammunition is higher than that of whether or not the defendant was known to

6

possess a gun.  As the defendant has been indicted for possession of ammunition, testimony that friends and family had not seen the defendant with ammunition at other times, tends to make it more probable that the defendant did not have ammunition at the time of the alleged offense.  Further, the possibility of confusion of the issues based upon the fact that the witnesses may not be able to testify as to whether the defendant <u>ever</u> had ammunition is only slight, as the inference required to connect this evidence to the crime charged does not require a large number of logical jumps, and any possible confusion could probably be controlled through cross-examination.

Accordingly, because this testimony has a higher probative value and the risk of confusion is low, the balancing test required by Rule 403 does not lead to a conclusion that the risk of confusing and/or misleading the jury significantly outweighs the probative value of this evidence.  Still, the probative value of this testimony lowers significantly as the time period to which a witness can testify moves further from the time period relevant to the conduct of which the defendant is charged.  As such, this Court reserves for trial a determination as to the admissibility of this testimony with regard to its temporal proximity to the relevant time period of November 23, 2011 to December 1, 2011.

Further, the defendant has offered about 18 witnesses to testify "that Defendant never had a gun or ammunition" and/or that they "never saw Defendant with [a] gun or ammunition."  As this Court indicated at the motion hearing on this matter, the testimony

7

of this many witnesses as to this issue will be needlessly cumulative under Rule 403. This Court reserves for trial the determination of a limit on the number of witnesses necessary as to this issue. In this regard, defendant shall, on or before **Tuesday, October 9, 2012**, file an amended witness list of the witnesses that defendant proposes to call on this subject with more information as to such testimony, including information relating to temporal proximity.

B.   Evidence of the Defendant's Relationship with His Wife

The second offering of evidence to which the United States objects is evidence which goes to the defendant's tumultuous relationship with his wife, as well as occurrences regarding a child custody battle between the two. The defendant maintains that this evidence will boost the credibility of the defendant's testimony that his wife planted the ammunition, and will both undermine the credibility of the defendant's wife's testimony, and rebut any denial made by the defendant's wife as to her involvement in "manipulat[ing] the system" to deprive the defendant of custody of his children. (ECF No. 42 *3)

The United States objects to the offering of this evidence as threatening to turn the defendant's trial into "a series of mini-trials about the legitimacy of specific allegations made in the context of a custody dispute that has lasted for over (5) years." (ECF No. 44 *3-4) Further, it is argued that, while Federal Rule of Evidence 608 allows that defendant to cross-examine his wife as to specific instances of her conduct which are probative of her

8

character for truthfulness or untruthfulness, he cannot offer extrinsic evidence to rebut her testimony. Finally, the United States asserts that testimony of third parties as to the truth of any allegations of abuse or neglect, as well as to the defendant's wife's motivation behind making such allegations are inadmissable because such witnesses would not have personal knowledge as to any of these matters, as they would not have been present at the time that these incidents occurred, and also cannot know Mrs. Billeter's motivation.

This Court agrees with the United States that, upon cross-examination of the defendant's wife as to the truth of her statements and as to her character for truth and veracity generally, the defendant is "stuck" with her answers regarding specific instances of conduct and is unable to present extrinsic evidence of such instances. See United States v. Baxter, 54 F.3d 774 (4th Cir. 1994). This Court further agrees that, pursuant to Federal Rule of Evidence 602, no witness may testify as to facts of which they have no personal knowledge. Further, Rule 403 must be kept in mind in order to avoid the trying of mini-trials regarding the defendant's past relationship with his wife and confusing the jury as to the issues of the charges currently pending against the defendant.

However, as this Court has not been presented with exact testimony which will be offered by witnesses or with exact questions to be asked on cross-examination, and has not had an opportunity to review the DVPO dismissals and/or the Child

9

Protective Services records, no ruling can be made at this time as to the admissibility of any particular testimony or exhibit. Such rulings are reserved for trial to be made in accordance with the basic findings articulated above. Any exhibits to be offered on this subject and any witnesses to be offered on this topic shall be identified by defendant in an amended exhibit or witness list to be filed on or before **Tuesday, October 9, 2012**.

## IV. Conclusion

For the reasons set forth above, this Court GRANTS IN PART and DENIES IN PART the United States' motion in limine and accompanying objections to proposed evidence. The defendant's witnesses shall not testify as to whether or not the defendant was ever seen with or known to carry a gun. However, the defendant's witnesses may testify as to the whether or not the defendant was ever seen with or known to carry ammunition. Nonetheless, this Court DEFERS ruling on the limitation of such testimony with regard to temporal proximity to the relevant time period, and with regard to the number of witnesses which the defendant may present to offer such testimony. Further, this Court DEFERS ruling on the admissibility of testimony and exhibits offered regarding the defendant's relationship with his wife and/or the custody battle between the defendant and his wife and/or the defendant's wife's past behavior regarding the same.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     August 30, 2012

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE